## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA MOREHEAD ALLEN, | |
| Plaintiff, | Case No. 1:21-cv-00086-JMS-MJD |
| v. | Judge Jane Magnus-Stinson |
| TEGNA, INC. VIDEOINDIANA, INC. WTHR CHANNEL 13, | Magistrate Judge Mark J. Dinsmore |
| Defendant. | |

### MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants VideoIndiana, Inc. d/b/a WHTR Channel 13 and TEGNA Inc. ("Defendants"), move to dismiss with prejudice Paragraphs 101, 103, 107, 108, 110, and 111 of the Second Amended Complaint. In support of its Motion and as explained in more detail in Defendant's Memorandum of Law in Support of this Motion, Defendant states as follows:

1. Plaintiff filed her Second Amended Complaint ("SAC") on November 11, 2021. ECF No. 53 ("SAC").

2. The SAC includes new claims of Title VII claims of race discrimination related to pay and termination of employment; Section 1981 claims of race discrimination related to pay and termination of employment; Title VII claims of gender discrimination related to termination of employment and harassment; Title VII claims of sex discrimination related to pay; Equal Pay Act claims related to pay; ADA claims related to harassment; and breach of contract. (ECF No. 53, ¶¶ 100-114.)

3. Plaintiff's new Title VII and ADA claims related to pay and harassment (SAC ¶¶ 103, 107, 110, 111) are untimely. These claims were included in Plaintiff's EEOC charge

filed on May 27, 2020, for which she received a Notice of Right to Sue from the EEOC on October 15, 2020. Plaintiff was required to file suit on these claims within 90 days from the date of receipt of the notice of the right to sue. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999). However, she did not assert these new claims until November 11, 2021 (ECF No. 53), many months after the 90-day period expired. Dismissal under Rule 12(b)(6) is "appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *McCleery v. Avalanche Food Grp.*, No. 1:17-CV-1365-WTL-DML, 2017 WL 6550619, at *1 (S.D. Ind. Dec. 4, 2017) (citing *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017)).

    4.    Plaintiff's new Equal Pay Act claim (SAC ¶ 108) fails to state a claim upon which relief can be granted. An Equal Pay Act claim requires her to show: "(1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort and responsibility; and (3) that the employees have similar working conditions." *Bragg v. Navistar Intern. Transp. Corp.*, 164 F.3d 373, 378 (7th Cir. 1998). The SAC does not contain any information about the actual job duties or the level of skill, effort, or responsibility required to perform Plaintiff's job. Nor does the SAC identify any alleged male comparator, provide any information regarding the work of any alleged male comparator, or provide any information regarding Plaintiffs' own compensation or the compensation of any alleged male comparator. Plaintiff offers only conclusions without providing the required factual basis to support the new claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the claim should be dismissed. *See Wade v. Morton Bldgs., Inc.*, No. 09-1225, 2010 WL 378508, at *6 (C.D. Ill. Jan. 27, 2010)

(granting employer's motion to dismiss Equal Pay Act claims where allegations do not identify the comparable male employee or his position.).

## CONCLUSION

5.	For these reasons, and as explained above and more fully in Defendant's Memorandum of Law in Support of its Motion to Dismiss, Paragraphs 101, 103, 107, 108, 110, and 111 of the Second Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

DATED:  November 26, 2021	Respectfully submitted,

	SEYFARTH SHAW LLP


	By: */s/ Camille Olson*
	        Camille Olson

Camille Olson
Richard Lapp
Christina Jaremus
colson@seyfarth.com
rlapp@seyfarth.com
cjaremus@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:	(312) 460-5000
Facsimile:	(312) 460-7000
*Attorneys for Defendants VideoIndiana, Inc. d/b/a WTHR Channel 13 and TEGNA, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2021, a true and correct copy of this document was filed sent via email to the following individual:

>Amber K. Boyd
>8510 Evergreen Avenue
>Indianapolis, Indiana 46240
>amber@amberboydlaw.com
>Telephone: (317) 210-3416
>*Attorney for Plaintiff*

>>>>>>*/s/ Camille Olson*
>>>>>>One of the Attorneys for Defendants