# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA MOREHEAD ALLEN, | Case No. 1:21-cv-00086-JMS-MJD |
| Plaintiff, | |
| v. | Judge Jane Magnus-Stinson |
| TEGNA, INC. VIDEOINDIANA, INC. WTHR CHANNEL 13, | Magistrate Judge Mark J. Dinsmore |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS ADDED IN PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Andrea Morehead Allen ("Plaintiff") previously filed a Complaint and Amended Complaint. (ECF No. 1, 15.) Each of the four counts she asserted in those documents was premised on alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (*Id.*) In her recently filed a Second Amended Complaint ("SAC"), Plaintiff adds multiple new claims including Title VII claims of race discrimination related to pay and termination of employment; Section 1981 claims of race discrimination related to pay and termination of employment; Title VII claims of gender discrimination related to termination of employment and harassment; Title VII claims of sex discrimination related to pay; Equal Pay Act claims related to pay; ADA claims related to harassment; and breach of contract. (ECF No. 53, ¶¶ 100-114.)

The Title VII and ADA claims related to pay and harassment (SAC ¶¶ 103, 107, 110, 111) should be dismissed because they were not timely filed with the Court. These very same claims formed by the basis of Plaintiff's EEOC charge filed on May 27, 2020. When she received a Notice of Right to Sue from the EEOC in October 15, 2020, she had 90 days to assert

them in a court complaint. Instead, however, she asserted other claims and did not attempt to raise these additional claims until months after the 90 day period had passed.

The Equal Pay Act claim (SAC ¶ 108) should be dismissed because Plaintiff offers only conclusions without providing the required factual basis to support the new claims. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). Accordingly, the new Equal Pay Act claim added in the SAC should be dismissed for failure to state a claim.

For these reasons, and as explained in more detail below, Defendants respectfully request that the Court dismiss with prejudice Paragraphs 101, 103, 107, 108, 110, and 111 of the Second Amended Complaint.

## I. FACTS MATERIAL TO THE MOTION

Plaintiff was employed as a News Anchor for WTHR Channel 13, a local news station in Indiana ("the Station"), from October 1999 through January 2021. (SAC ¶¶ 5, 10, 63.) In September 2018, she was diagnosed with breast cancer and underwent treatments for the same thereafter and through 2019 and 2020. (*Id*. ¶¶ 15-17, 54.)

Plaintiff first filed a charge with the EEOC on May 27, 2020. (SAC ¶ 14, referring to EEOC Charge No. 470-2020-02375 (the "First Charge").) The First Charge asserted race, sex, and disability discrimination claims that began on January 1, 2018 and alleged that the conduct at issue was ongoing. The allegations including the following:

> I have worked as an Anchor with WTHR since 1999. TEGNA, Inc purchased the station in summer 2019.
>
> Over the past two years, I have been subjected to a hostile work environment caused by disparaging comments and conduct by direct managers, executive

producers, producers, and co-anchors related to my race, sex, and disability status. I have also been subject to inequitable treatment by my managers compared to other Caucasian anchors and reporters[.] . . . I have been subject to inappropriate physical contact by the news director on two separate occasions. . . . I am the longest tenured anchor and have been told that I am at the cap of my pay scale, even though other Caucasian anchors/meteorologists are receiving more pay.

I am being discriminated against due to my disability, race, and sex, in violation of the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

A copy of the First Charge is attached to Defendants' Motion as Exhibit A.[1]

Plaintiff received a Notice of Right to Sue for her First Charge on October 15, 2020. (SAC ¶¶ 9, 14.) A copy of the First Notice of Right to Sue is attached to Defendants' Motion as Exhibit B.

Plaintiff filed her Complaint on January 13, 2021. (ECF No. 1.) On March 4, 2021, she filed an Amended Complaint. (ECF No. 15.)[2] The Amended Complaint asserted four counts, all premised on violations of the ADA: (1)

- Plaintiff's medical information was not maintained confidentially as required by the ADA. (*Id.*, Count I, ¶¶ 61-67.)

- Plaintiff was subjected to less favorable terms and conditions of employment, and subjected to a hostile work environment in violation of the ADA. (*Id.*, Count II, ¶¶ 68-73.)

- Plaintiff was subjected to retaliation with respect to the terms, conditions, and privileges of employment after she complained of discrimination in violation of the ADA. (*Id.*, Count III, ¶¶ 74-80.)

---

1 Plaintiff did not include the First Charge with her SAC. However, "[d]ocuments not attached to the complaint may be considered if they are referred to in the complaint, are concededly authentic and are central to the plaintiff's claim… The point of the exception is to limit a plaintiff's ability to evade dismissal by failing to attach an important document that proves plaintiff's claims lack merit." *Hecker v. Deere & Co.*, 496 F.Supp.2d 967, 972 (W.D. Wis. 2007) (granting motion to dismiss after taking into account documents referenced in complaint and submitted by defendant), citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002), aff'd *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).

2 The purpose of the amendment was to correct the Defendant's corporate name throughout the Complaint. (ECF No. 13, 14.)

- Plaintiff was discharged in retaliation for her complaining of discrimination in violation of the ADA. (*Id*., Count IV, ¶¶ 81-85.)

Plaintiff's Amended Complaint did not assert claims of race or sex discrimination or harassment.

On July 29, 2021, while her Amended Complaint was pending, Plaintiff filed EEOC Charge No. 470-2021-03070 (the "Second Charge"). The Second Charge again asserted discrimination on the basis of race, sex, and disability, and added an allegation of retaliation. The Second Charge expressly referenced the First Charge that had been filed more than a year earlier. A new allegation in the Second Charge claimed that Plaintiff had been terminated on account of her race, sex, and disability (even though her Complaint and Amended Complaint included a claim under the ADA alleging she was terminated in retaliation for complaining about discrimination). A copy of the Second Charge is attached to Defendants' Motion as Exhibit C. The EEOC issued a Notice of Right to Sue on September 22, 2021, terminating the charge without completing an investigation. A copy of the Second Notice of Right to Sue is attached to Defendants' Motion as Exhibit D.

On November 11, 2021, Plaintiff filed her Second Amended Complaint, adding four new counts. (ECF No. 53.) Plaintiff added claims of race discrimination with respect to pay and termination, in violation of Title VII and Section 1981 (SAC ¶¶ 100-104); gender discrimination with respect to pay and termination in violation of Title VII, as well as an Equal Pay Act claim (*id*. ¶¶ 105-108); harassment due to her gender in violation of Title VII (*id.* ¶¶ 109-110);[3] and breach of contract (*id.* ¶¶ 112-114).

---

3 Plaintiff also added a claim of harassment due to disability in violation of the ADA. (SAC ¶ 111.) However, this is duplicative of a claim that she already asserted in Count II. Specifically, Plaintiff alleged in her Amended Complaint and repeats again in the SAC that Defendants' "actions, together with the disparaging and hostile remarks about her cancer diagnosis and treatment, to which Andrea Morehead

4

## II. ARGUMENT

### A. Plaintiff's New Race, Sex, Gender, Pay And Harassment Claims Related To Pay And Harassment Under Title VII And The ADA Are Untimely.

Dismissal under Rule 12(b)(6) is "appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *McCleery v. Avalanche Food Grp.*, No. 1:17-CV-1365-WTL-DML, 2017 WL 6550619, at *1 (S.D. Ind. Dec. 4, 2017) (citing *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017)); *Cosby v. United Air Lines, Inc.*, No. 95 C 6655, 1996 WL 204323, at *2 (N.D. Ill. Apr. 24, 1996) (dismissing Title VII complaint on 12(b)(6) motion when Plaintiff failed to file suit within 90 days of receiving right-to-sue letter from the EEOC); *Flaherty v. Illinois Dep't of Corr.*, No. 94 C 1065, 1994 WL 687540, at *1 (N.D. Ill. Dec. 7, 1994) (same).

Plaintiff's new Title VII and ADA claims related to pay and harassment (SAC ¶¶ 103, 107, 110, 111) fail because they were not timely filed. Under both Title VII and the ADA, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999); *Flaherty v. Illinois Dep't of Corr.*, No. 94 C 1065, 1994 WL 687540, at *1 (N.D. Ill. Dec. 7, 1994) (ADA and Title VII actions "filed more than 90 days after the plaintiff's receipt of a right-to-sue letter fails to meet a statutory condition precedent to suit and must be dismissed.") Plaintiff failed to do so.

The Title VII and ADA claims on pay and harassment added in Plaintiff's SAC were specifically asserted in her First Charge filed on May 26, 2020. Plaintiff's First Charge was

---

was exposed, created a hostile work environment based on Andrea Morehead's disability, in further violation of the ADA. (*Compare* ECF No. 15 ¶ 71 to ECF No. 53 ¶ 85.)

5

premised expressly on race, sex, and disability discrimination. *See* Ex. A.[4] For example, Plaintiff alleged in her First Charge that she had been "subject to inequitable treatment by my managers compared to other Caucasian anchors and reporters" (Ex A.) which is the subject of her new claims that she was treated differently on account of her race. (SAC ¶¶ 101-104.) Similarly, her First Charge include allegations that she was paid less than "other Caucasian anchors/ meteorologists" (Ex. A), which is the subject of her new claims that she was paid less than others on account of her race and sex. (SAC ¶¶ 103, 107.) Likewise, Plaintiff alleged in her First Charge that she was "subject to inappropriate physical contact" and "subjected to a hostile work environment… related to [her] race, sex, and disability status" (Ex. A), which is the subject of her new claim that she was subjected to harassment and a hostile work environment on account of her gender and disability. (SAC ¶¶ 109-11.)

It is beyond question that Plaintiff's "new" race, sex, and disability discrimination claims concerning pay and harassment were included or at the least were "like or reasonably related" to the facts and claims asserted in her May 27, 2020 First Charge. "A civil action alleging an ADA or Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 849–50 (7th Cir. 2001), citing 42 U.S.C. § 2000e-5(f)(1). Here, the EEOC Notice of Right to Sue was issued on October 15, 2020. *See* Ex. B.[5] However, Plaintiff did not attempt to assert these new claims predicated on her First Charge until November 11, 2021 (ECF No. 53), many months after the 90-day period expired.

---

4 The Court may consider Plaintiff's EEOC charge without converting to the motion to dismiss to a motion for summary judgment because the document is referred to in the complaint, authentic, and central to her claim. *Hecker*, 496 F.Supp.2d at 972.

5 The Court may consider Plaintiff's EEOC charge without converting to the motion to dismiss to a motion for summary judgment because the document is referred to in the complaint, authentic, and central to her claim. *Hecker*, 496 F.Supp.2d at 972.

Defendants anticipate that Plaintiff may argue that the filing of her Second Charge and receipt of a Second Notice of Right to Sue "reset the clock" on her time to assert her claims. The Court should reject this attempted end run on Plaintiff's exhaustion obligations. Plaintiff's First Charge raised claims of race, sex, and disability discrimination with respect to terms and conditions of employment, pay, harassment, and hostile work environment. (Ex. A.) The EEOC investigated the allegations and issued a First Notice of Right to Sue. (Ex. B.) Plaintiff thereafter filed a Complaint but elected to assert claims only under the ADA. (ECF No. 1, 15.)

Plaintiff's First Charge and First Notice of Right to Sue concerned the claims of race, sex, gender, and disability discrimination related to pay and harassment now asserted in the Second Amended Complaint. However, the 90-day window of time to file those claims closed on January 21, 2021, more than nine months before Plaintiff proposed to file her SAC. Accordingly, Plaintiff's Title VII claims contained in Paragraphs 101, 103, 107, 110, and 111 must be dismissed with prejudice as untimely.

### B. Plaintiff Failed To Plead Facts To Support Her New Equal Pay Act Claim.

Plaintiff's SAC also includes the new claim that "Defendants, as a result of failing to pay Andrea Morehead equal pay due to her sex, violated the Equal Pay Act 29 U.S.C. § 206(d)." (SAC ¶ 108.) However, in support of this claim, Plaintiff has pleaded only conclusions and not facts as required by Rule 8(a)(2). As the Supreme Court explained in *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. A "bare averment that [plaintiff] wants relief and is entitled to it" does not satisfy Rule 8(a)(2)'s requirement that a complaint contain a "short and plain statement of claim showing that the pleader is entitled to relief." *Id*. at 556 n.3. Rather, a cause of action must be supported by enough factual matter "to raise a right to relief that is plausible on its face." Id.

7

In *Ashcroft*, the Supreme Court elaborated further on the principles announced in *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id*. at 1949-50 (emphasis added and internal citations omitted). As the Seventh Circuit has explained, a court ruling on a Rule 12(b)(6) motion to dismiss "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Plaintiff failed to meet this standard with respect to her Equal Pay Act claim, which requires her to show: "(1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort and responsibility; and (3) that the employees have similar working conditions." *Bragg v. Navistar Intern. Transp. Corp.*, 164 F.3d 373, 378 (7th Cir. 1998). The SAC includes only two allegations related to this claim, and both are conclusory. In Paragraphs 68-69, Plaintiff states that "[t]hroughout [her] career at Defendants she was paid less than similarly situated male and Caucasian employees," and "[t]he male's compensation was greatly higher than Andrea Morehead's even though both of their positions required the same skill, effort, responsibility and they worked under similar working conditions at Defendant." (SAC ¶¶ 68-69.)

The SAC does not, importantly, contain any information about the actual job duties or the level of skill, effort, or responsibility required to perform Plaintiff's job. Similarly, the SAC fails to identify any alleged male comparator, provide any information regarding the work of any alleged male comparator, or provide any information regarding Plaintiffs' own compensation or the compensation of any alleged male comparator. In short, the Complaint contain no facts which could show a plausible entitlement to relief under the EPA.

Absent any factual support demonstrating the nature of the work performed by Plaintiffs and their unidentified comparators, the Court need not accept as true that the "skill, effort and responsibility" required of Plaintiff is substantially equal to "similarly situated male and Caucasian employees." Stripped away of legal conclusions, the glaring deficiencies in Plaintiffs' pleading compel dismissal. *See Wade v. Morton Bldgs., Inc.*, No. 09-1225, 2010 WL 378508, at *6 (C.D. Ill. Jan. 27, 2010) (granting employer's motion to dismiss Equal Pay Act claims where the "allegations fail to give fair notice because they give Defendant no hint of the identity of the comparable male employee or his position. Defendant is left to guess which male employee Plaintiff believes was paid more for equal work."); *Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629, 645 (W.D.N.Y. 2014) (holding that "plaintiff must allege how her position and the comparison positions were substantially similar. District courts have not hesitated to dismiss equal pay discrimination claims where the plaintiff simply alleges . . . that she was paid less than her male co-workers for the same or similar work."); *Muldrew v. Joseph McCormick Const. Co.*, No. CIV.A. 14-27, 2014 WL 3890336, at *7 (W.D. Pa. Aug. 8, 2014) (collecting cases) (dismissing EPA claim because allegations in the complaint were simple recitations of the statutory requirements and were too conclusory to state a plausible claim for relief); *Noel-Batiste v. Virginia State Univ.*, No. 3:12CV00826-HEH, 2013 WL 499342, at *6 (E.D. Va. Feb. 7, 2013)

(to survive motion to dismiss EPA claims, "plaintiffs cannot indiscriminately aim at all similarly-employed male counterparts collectively"). The Count VI Equal Pay Act claim should be dismissed.

### III. CONCLUSION

Plaintiff's Title VII and ADA claims based on pay and harassment (SAC ¶¶ 101, 103, 107, 110, 111) were not timely filed. Further, Plaintiff's Equal Pay Act claim (SAC ¶ 108) merely recited the elements of the claim, rather than pleading facts that plausibly suggest an entitlement to relief. Accordingly, the claims contained in Paragraphs 101, 103, 107, 108, 110, and 111 of the Second Amended Complaint should be dismissed with prejudice.

DATED: November 26, 2021                    Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: */s/ Camille Olson*
                                                Camille Olson

Camille Olson
Richard Lapp
Christina Jaremus
colson@seyfarth.com
rlapp@seyfarth.com
cjaremus@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000
*Attorneys for Defendant VideoIndiana, Inc. d/b/a WTHR Channel 13*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2021, a true and correct copy of this document was filed sent via email to the following individual:

>Amber K. Boyd
>8510 Evergreen Avenue
>Indianapolis, Indiana 46240
>amber@amberboydlaw.com
>Telephone: (317) 210-3416
>*Attorney for Plaintiff*

*/s/ Camille Olson*
One of the Attorneys for Defendant
VideoIndiana, Inc. d/b/a WHTR CHANNEL 1